DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

---

[No. 19352. Department One.—September 4, 1894.]

W. E BAINES, PLAINTIFF, E. S. BABCOCK ET AL., APPELLANTS, *v.* WEST COAST LUMBER COMPANY ET AL., INTERVENORS AND RESPONDENTS.

CORPORATIONS—UNPAID SUBSCRIPTION TO STOCK—CREDITOR'S BILL—INTERVENTION.—Upon a judgment creditor's bill in equity to subject the unpaid balance due from stockholders to the corporation for subscription to its stock, judgment creditors of the same class with the plaintiff are entitled to intervene before trial, pursuant to section 387 of the Code of Civil Procedure, and mere creditors at large are entitled to no relief whatever.

ID.—INTERVENTION AFTER JUDGMENT.—One who is a creditor at large without judgment in his favor at the time of rendition of judgment upon such creditor's bill cannot, after subsequently obtaining judgment in his favor, intervene in the action after judgment, or avail himself of a provision in the judgment that any other judgment creditor of the corporation be allowed to become a party to the suit to establish his claim and to have execution against the defendants.

ID.—PLEADING—COMPLAINT IN BEHALF OF OTHER CREDITORS—SURPLUSAGE.—An averment in the creditor's bill that plaintiff sued on behalf of other creditors who may come in and be made parties to the action is immaterial and redundant surplusage.

ID.—PROVISION IN JUDGMENT FOR OTHER JUDGMENT CREDITORS.—A provision in the judgment for relief to other judgment creditors, if valid under the pleadings, refers only to persons who were judgment creditors at the time of the judgment, and not to those who may afterwards become such.

CIV. CAL.—1

ID.—COMPLAINT FILED AFTER JUDGMENT—MISNOMER OF PLEADING—SUR-, PLUSAGE—ORIGINAL ACTION.—Although a complaint filed after judgment upon a prior creditor's bill by a subsequent judgment creditor is misnamed a complaint in intervention it may be regarded and treated as an independent original complaint if it states a cause of action, notwithstanding the misnomer, or redundant matter relating to the original creditor's bill.

ID.—MISJOINDER OF PARTIES.—A creditor's bill brought by two judgment creditors jointly, to reach the assets of a corporation, is not demurrable for misjoinder of parties plaintiff.

ID.—EVIDENCE OF INDEBTEDNESS OF STOCKHOLDERS — JUDGMENT UPON PRIOR CREDITOR'S BILL—FAILURE OF CORPORATION TO ASSESS STOCK. A judgment rendered upon a prior creditor's bill, two years previous to the filing of a second creditor's bill by other creditors, is not admissible in evidence to prove that either of the defendants was indebted to the corporation when the subsequent complaint was filed, nor does it tend to prove that the corporation had failed to levy an assessment after date of the prior judgment; and it cannot be presumed that they did not pay their overdue debts to the corporation after that date.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*Luce & McDonald,* and *Gibson & Titus,* for Appellants.

*Trippet, Boone & Neale,* for Respondents.

VANCLIEF, C.—As indicated by the title, the controversy here is solely between the alleged intervenors and two of the defendants in the action as originally commenced. The action, as originally commenced against Babcock, Story, San Diego Street Car Company *et al.,* was of the nature of a creditor's bill in equity to subject equitable assets of the street-car company (a corporation) to the satisfaction of a judgment against it in favor of the plaintiff. It was averred in the complaint that Babcock and Story and certain other defendants were the owners and holders of a large number of shares of stock of the street-car corporation, on which shares they had paid only fifty per cent of their par value, and that they were indebted to that corporation for the unpaid balance on their subscription for said stock. After the averment of other facts necessary

to constitute a cause of action, the prayer was in substance that so much of said indebtedness of each of the defendants to the street-car company as might be necessary for that purpose be applied to the payment of plaintiff's said judgment against the street-car company, and that plaintiff have execution therefor against said stockholders.    The introductory clause of that complaint is in the following language: "The plaintiff, for himself and all other creditors of the San Diego Street Car Company who may come in and be made parties to this action and contribute to the costs and expenses of the prosecution thereof, complains and alleges."

On July 2, 1890, no other creditors having come in, or been made parties to the action, judgment was rendered in favor of plaintiff according to the prayer of his complaint; and, in addition to the judgment prayed for, and without any finding that there was any other creditor of the street-car company than the plaintiff, the judgment contains the following paragraph:

"It is further ordered, adjudged, and decreed that this cause be retained, and that any other judgment creditor of the defendant corporation, the San Diego Street Car Company, who shall make a proper showing to the court of his right thereto, be allowed to become a party to this suit, to establish his claim and have execution against said defendants for such sum found due such creditor not exceeding the uncollected balance of the amount herein found due from said defendants respectively to said corporation, provided that in no case shall any of said defendants be required to pay, nor shall execution issue against them for any greater sum than the amount found due from them to the said corporation as aforesaid."

The defendants appealed from the judgment in the original action, and from an order denying their motion for new trial, and this court affirmed the judgment and order. (*Baines* v. *Babcock*, 95 Cal. 581; 29 Am. St. Rep. 158.)    But no question relating to said last paragraph of

the judgment or to the rights of other creditors of the
street-car company was involved in that appeal or con-
sidered by the court.

On September 12, 1892, being two years and two
months after the rendition of the above-mentioned
judgment, and more than a month after that judgment
was finally affirmed by this court, the respondents
herein (West Coast Lumber Company and C. J. Fox)
applied to the superior court for leave to file in that
case what they denominated "their intervening and
supplemental complaint," which was granted; and
accordingly they filed it, and thereafter amended it.
The introductory paragraph thereof is as follows:

"Come now West Coast Lumber Company and C. J.
Fox, for themselves and all other creditors of the defend-
ant San Diego Street Car Company who may come in
and be made parties to this action and contribute to the
costs and expenses of the prosecution thereof, and they
themselves coming in and joining with the plaintiff in
the prosecution of this action, and offering to contribute
to the costs and expenses thereof, and by way of coming
in under the previous order of this court and judgment
herein, by leave of court now file this, their amended
complaint in intervention herein, and complain of the
defendants and allege":

Then follow allegations of facts constituting the inter-
venors' cause of action against the defendants in the
original action, founded on judgments in their favor
against the street-car company obtained about fifteen
months after the rendition of the original judgment in
favor of the plaintiff, Baines. In addition to the facts
constituting a cause of action against the defendants,
Babcock and Story, the intervening complaint set forth
all the proceedings in the original action, including the
judgment therein in favor of the plaintiff, Baines, and
also alleged that the judgment in favor of Baines had
been fully satisfied.

The plaintiff, Baines, did not answer this so-called
intervenors' complaint, but the defendants, Babcock and

Story (appellants), answered, denying, among other things, that either of them was indebted to the street-car corporation in any sum whatever, and specifically denying that any sum remained due or unpaid from either of them to said corporation upon the subscription price of any shares of the capital stock of said corporation owned or held by either of them as alleged in the intervention complaint.

The court found for the alleged intervenors, and thereupon rendered judgment as follows:

"*Now, therefore,* by reason of said findings, and by reason of the law and the premises, it is ordered, adjudged, and decreed as follows:

"That the West Coast Lumber Company is a judgment creditor of the San Diego Street-Car Company in the sum of $6,184.45, upon a judgment duly made and given by the superior court of the county of San Diego, state of California, on the fourteenth day of October, 1891, in an action therein pending, wherein the said West Coast Lumber Company was plaintiff and the San Diego Street Car Company was defendant.

"That C. J. Fox is a judgment creditor of said San Diego Street Car Company in the sum of $2,136.35, upon a judgment duly given and made by the superior court of the county of San Diego, state of California, on the twentieth day of November, 1891, in an action in said court pending, entitled *C. J. Fox, plaintiff,* v. *The San Diego Street Car Company, defendant.*

"That each of said judgments remains wholly unpaid, together with interest thereon at the legal rate since the respective renditions thereof.

"That each of said parties has properly come in and become parties to this action, and established their claims as provided in the decree hitherto entered herein on the second day of July, 1890.

"That the defendant, E. S. Babcock, Jr., has not paid the amount adjudged to be due from him to the said San Diego Street Car Company, or any part thereof, and

the said defendant is still indebted to said San Diego Street Car Company in the sum of $48,600.

" That the defendant, H. L. Story, has not paid the amount adjudged to be due from him to said San Diego Street Car Company, or any part thereof, and the said defendant is still indebted to said San Diego Street Car Company in the sum of $21,275.

" That the claim of W. E. Baines has been fully paid and satisfied.

" That the said West Coast Lumber Company and C. J. Fox have and recover of and from the said defendants, Babcock and Story, the amount of their respective judgments with interest, but not to exceed the amount decreed to be due from said Babcock and said Story, respectively, to said San Diego Street Car Company.

" That said West Coast Lumber Company and C. J. Fox share *pro rata,* according to the amount of their respective claims, any sums recovered of either of said defendants.

" That said intervenors have execution against said defendants for the amounts above decreed to be due them respectively.

" Done in open court, this 1st day of June, 1893.

" W. L. PIERCE, Judge."

The defendants appealed from this judgment within sixty days from the entry thereof, upon the judgment-roll, including a bill of exceptions specifying alleged errors in law and fact.

1. Whether respondents had such " interest in the matter in litigation," as would have entitled them to intervene in the original action " before trial," pursuant to section 387 of the Code of Civil Procedure, it is clear that they did not so intervene; and it is quite as clear that under that section they had no right to intervene two years after the trial (*Laugenour* v. *Shanklin*, 57 Cal. 70; *Carey* v. *Brown*, 58 Cal. 180; *Owens* v. *Colgan*, 97 Cal. 454); nor do respondents contend that they had. But they contend that the original action was com-

menced partly for their benefit, as authorized by section
382 of the Code of Civil Procedure; and that they prop-
erly came in and became parties to the action two years
after final judgment therein.

In the first place, the original complaint does not pur-
port to have been made for the benefit of any class of
persons who had any interest in any question involved
in the action, though it does purport to be on behalf of
all *creditors* of the street-car company who may come
in and be made parties to the action and contribute to
the costs, etc.   But mere creditors were not of the class
to which the plaintiff belonged, nor within any excep-
tion which entitled them to the same or similar reme-
dies.   Only judgment creditors who had exhausted their
remedies at law were of plaintiff's class.   Upon the
facts stated in the complaint mere creditors were entitled
to no relief whatever.   Though the complaint was suf-
ficient to warrant the relief sought by the original
plaintiff, as held in *Baines* v. *Babcock*, 95 Cal. 581, 29
Am. St. Rep. 158, it was not sufficient to entitle others
on whose behalf it purported to be made even to come
in as parties to the action. (*Carey* v. *Brown*, 58 Cal. 181;
Pomeroy's Code Remedies, 390.)   So far as the respond-
ents were concerned, the averment that plaintiff sued
on behalf of other creditors was of no consequence, and
in relation to plaintiff's cause of action it was merely
redundant surplusage.   If respondents were entitled to
become parties to that action at all, the only mode by
which they could have been made parties was by inter-
vention *before trial,* under section 387 of the Code of
Civil Procedure, of which, as above shown, they did
not avail themselves.   Besides, the so-called " amended
complaint in intervention" shows that neither of the
respondents became a judgment creditor of the street-
car company until October, 1891, fifteen months after
the rendition of the judgment in the original action;
and, therefore, until that date neither of them was
entitled to become a party to the action either under

section 382 or section 387 of the Code of Civil Procedure.

2. Respondents contend, however, that they came in as parties under the order of the court appended to the original judgment, to the effect that the "cause be retained, and that any other *judgment* creditor . . . . who shall make a proper showing . . . . be allowed to become a party," etc. But there was nothing in the pleadings upon which to rest this order, except the aforesaid redundant surplusage in the complaint upon which nothing in the judgment, other than surplusage, could have been founded. But even if it be conceded that the order is valid, it refers only to persons who were *judgment* creditors at the time it was made; and not to those who may have become such fifteen months or fifteen years thereafter. (For additional authorities under this head, see Pomeroy on Code Remedies, 3d ed., 388–400.)

3. Although the respondents never became parties to the original action, I think their so-called "complaint in intervention" may be regarded and treated as an independent original complaint, and as such is sufficient, notwithstanding the redundant matter relating to the action of *Baines* v. *Babcock*, 95 Cal. 582, 29 Am. St. Rep. 158, which does not vitiate the complaint if otherwise good. (*Wickersham* v. *Crittenden*, 93 Cal. 33; *Carey* v. *Brown*, 58 Cal. 180.) Without this redundant matter the complaint states a cause of action similar to that stated in *Baines* v. *Babcock*, 95 Cal. 582, 29 Am. St. Rep. 158, which was held sufficient by this court.

But the complaint was demurred to on the ground of misjoinder of parties plaintiff, and appellants contend that the demurrer should have been sustained on this ground. But I think there is no misjoinder. (*Owen* v. *Frink*, 24 Cal. 171; *People* v. *Morrill*, 26 Cal. 360; Pomeroy's Code Remedies, 3d ed., 267, and notes.)

4. Upon the issues as to whether the defendants were indebted to the San Diego Car Company, and as to whether that company had refused or neglected to levy

an assessment, as alleged in respondent's complaint, the court found as follows:

"That only fifty per cent of the par value of the shares of the capital stock of the San Diego Street Car Company, alleged in said complaint to be held and owned by said defendants Babcock and Story, respectively, have been paid.

"That said defendants, respectively, agreed to pay the remaining fifty per cent alleged to be due upon said shares. That there is due and unpaid from the defendant Story upon his subscription to said capital stock the sum of $21,275; that there is due and unpaid from the defendant Babcock upon his subscription to said capital stock the sum of $48,600; that the San Diego Street Car Company has neglected and refused to make or levy any assessment upon any share or shares of its capital stock held by said defendants, or either of them."

The appellant contends that neither of these findings is justified by the evidence; and I think this point should be sustained.

The only evidence claimed to have any tendency to support either of these findings is the judgment-roll in the case of *Baines* v. *Babcock,* 95 Cal. 582, 29 Am. St. Rep. 158, to which, as we have seen, neither of the respondents here was a party. This judgment-roll was admitted in evidence against the objection of defendants on the grounds that it was incompetent, irrelevant, and immaterial. I think it was incompetent and immaterial, and surely it had no tendency to prove that either of the defendants was indebted to the street-car company when respondents' complaint was filed, two years after the entry of the judgment in favor of Baines.

Even as between defendants and Baines, that judgment only proved that defendants were indebted to the street-car company, and that the street-car company had failed to levy an assessment up to the time of the rendition thereof in favor of Baines; and it cannot be presumed that defendants did not pay their overdue debts to the street-car company, nor that the street-car com-

pany did not levy an assessment within the next following two years.

Upon the facts of this case it is not necessary to decide whether or not section 382 of the Code of Civil Procedure was intended to authorize the practice of courts of equity, to its full extent, in permitting one plaintiff to sue on behalf of others, since even that practice does not permit the coming in of additional parties plaintiff after judgment in favor of the original plaintiff, who were not qualified to come in before such judgment.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed and cause remanded for a new trial.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.