ROSA VÉLEZ, ET AL., Plaintiffs and Appellees, *v.* JOHN DOE and RICHARD ROE, AS HEIRS OF, ETC., Defendants; PEDRO MERCADO YRIZARRY, Oppositor and Appellant.

No. 11410. Argued January 3, 1956.—Decided September 5, 1956.

*José Sabater* for appellant. *Eugenio Alemañy Fernández* for appellees.

MR. JUSTICE SALDAÑA delivered the opinion of the Court.

In the Superior Court, Mayagüez Part, plaintiffs Rosa, Pedro Enrique, Marta and Ruperta Vélez filed an action of filiation on July 1, 1953, against the unknown heirs of Juan M. Mercado Vázquez. Although Pedro Mercado Yrizarry

did not have the status of natural son of the deceased, he tried to intervene in the suit with an "opposition and answer to the complaint" and a motion for leave to file a counterclaim. He claimed to be the only natural son, he denied plaintiffs' right to acknowledgment and he also moved to be declared an acknowledged natural son within that same suit. Almost simultaneously he filed another action of filiation also against the unknown heirs of Juan M. Mercado Vázquez before the same Part of the Superior Court.[1]

By an order entered on December 8, 1953, the trial court denied the intervention prayed for.[2] After the corresponding edicts summoning the unknown heirs of the estate were published, a hearing was held on December 23, 1953. No one appeared in representation of the defendant estate but counsel for Pedro Mercado Yrizarry appeared in the name of his client as *amicus curiæ*. The lower court limited the intervention of the *amicus curiæ* to the cross-examination of plaintiffs' witnesses and to the discussion of the questions of law raised, but he was not allowed to introduce evidence. After the trial, judgment was rendered on January 7, 1954,

---

[1] The "opposition and answer to the complaint" and the motion for leave to file a counterclaim were filed on October 22, 1953, and the independent action of filiation was filed on October 21, 1953.

[2] The order reads: "Against the complaint filed by the plaintiffs praying this Court to acknowledge them as natural children of Juan Marcelino Mercado Vázquez, whose heirs are alleged to be unknown, Pedro Mercado Yrizarry filed an answer claiming to be the only son of the deceased and denying plaintiffs' right to acknowledgment. Pedro Mercado Yrizarry subsequently filed a motion for leave to file a counterclaim in this case in which he requests the court to declare him, within that same proceeding, the acknowledged natural son of the decedent Juan Marcelino Mercado.

"The plaintiffs filed an opposition to that motion because they believed that the acknowledgment prayed for by defendant should have been filed by the latter against the heirs of the alleged ancestor and not against them, and because they also believed that since the defendant had already filed an action of filiation in this Court, without prior adjudication of the status of acknowledged natural son, he lacked the juridical standing to appear in the name of the defendant-heirs.

"Plaintiffs are correct. The counterclaim filed by Pedro Mercado Yrizarry in this case is not only improper, since plaintiffs as yet do not

declaring the plaintiffs to be the acknowledged natural children of Juan M. Mercado Vázquez "with the right to bear his surname and all other hereditary rights granted by law." On January 25, 1954, Pedro Mercado Yrizarry filed a notice of appeal from that judgment in which he also stated that he was appealing from the order of December 8, 1953, denying his intervention in the suit.

While this appeal was pending, Pedro Mercado Yrizarry filed a motion in the Superior Court within the same suit praying for annulment of the judgment rendered on January 7, 1954. He alleged in brief (1) that the Superior Court had rendered judgment on May 11, 1954, in the other action of filiation brought by him, declaring him the acknowledged natural son of Juan M. Mercado Vázquez; (2) that the judgment rendered on January 7, 1954, was void because the plaintiffs merely summoned the unknown heirs of Juan M. Mercado Vázquez by edicts "knowing and being aware that (the latter) had four blood nephews" who had always lived in Puerto Rico; and (3) that their interests and rights would be prejudiced by the judgment of January 7, 1954.

---

constitute the heirs of Juan Marcelino Mercado Vázquez, but likewise Pedro Mercado Yrizarry has no legal standing to appear in this . . . suit as defendant, in representation of the heirs of Juan Marcelino Mercado Vázquez, since his status as acknowledged natural son has not yet been established by final judgment of a court of justice. Plaintiffs here, as well as Pedro Mercado Yrizarry, are only entitled to claim . . . *as plaintiffs* in an action against the heirs of Juan Marcelino Mercado Vázquez, their acknowledgment as natural children of the latter but none of them is yet entitled to oppose the claim of the others as heirs of the defendant.

"Wherefore, the leave sought by Pedro Mercado Yrizarry to file the counterclaim in this case is denied, and his answer filed in this case is considered as dismissed, and the plaintiffs should proceed against the unknown heirs of Juan Marcelino Mercado Vázquez as though this answer had not been filed."

We believe that the trial court erred in not allowing the intervention of the oppositor-appellant here to oppose plaintiffs' claim in the filiation suit under Rule 24 of the Rules of Civil Procedure. 32 L.P.R.A. App. R. 24. See 4 Moore, *Federal Practice* 30–100. However, for the reasons that we shall hereinafter set forth, this error in no way entails the reversal of that order.

The lower court entered an order dismissing the motion for annulment on the ground, among others, that ". . . since an appeal was taken from the judgment rendered in this case, this Court lacks jurisdiction to consider (its) merits. . . ." Pedro Mercado Yrizarry also appealed from that order.

We believe that both appeals are without merit. Pursuant to § 295 of the Code of Civil Procedure (32 L.P.R.A. § 1281) the decision of the trial court denying intervention by appellant in the filiation suit is appealable. *Díaz* v. *Frontera*, 65 P.R.R. 655 (1946); *Rivera* v. *Rivera*, 56 P.R.R. 195 (1940) and Per Curiam decision of March 26, 1940 (56 *D.P.R.* p. 949); *Osorio* v. *Planis*, 41 P.R.R. 764 (1931); *Revilla* v. *District Court*, 39 P.R.R. 57 (1929). *Cf.* 4 Moore, *Federal Practice* (2d ed.) 102–108. Since the order was entered on December 8, 1953, it is obvious that the appeal taken on January 25, 1954, is untimely under the provisions of § 292 of the Code of Civil Procedure. 32 L.P.R.A. § 1251. On the other hand, when a motion for intervention is denied, the intervener is not a party to the proceeding and has no right to appeal from the judgment which is ultimately rendered. Section 294 of the Code of Civil Procedure, 32 L.P.R.A. § 1253; *Ramos* v. *Esteves*, 20 P.R.R. 122 (1914); *Suriñach* v. *Ninlliat*, 17 P.R.R. 63 (1911); *City of Burlingame* v. *San Mateo County*, 230 P. 2d 375 (Cal. 1951); *Braun* v. *Brown*, 87 P. 2d 1009 (Cal. 1939); *Thorpe* v. *North Moneta Garden Lands Water Co.*, 106 Pac. 1107 (Cal. 1909). *Cf. Salas* v. *Doe*, 75 P.R.R. 496 (1953). It is true that the lower court allowed Pedro Mercado Yrizarry's attorney to intervene as *amicus curiæ* in the suit. However, it is a well-settled rule (1) that the power of the *amicus curiæ* is under the complete control of the court and (2) that he is not entitled to appeal from the judgment rendered when the parties do not wish to do so. *City & County of Denver* v. *Denver Tramway Corp.*, 23 F. 2d 287, 295 (C. A. 8, 1927), *cert. denied* 278 U. S. 616 (1928); *Dodd* v. *Reese*, 24 N. E. 2d 995 (Ind. 1940); *Douglas* v. *Trust Co. of Georgia*, 95 S. E. 219 (Ga.

1918); *In Re McClellan's Estate*, 129 N. W. 1037 (S. D. 1911); *Birmingham Loan & Auction Company* v. *First National Bank*, 13 So. 945 (Ala. 1893); Beckwith & Sobernheim, *Amicus Curiæ, Minister of Justice*, 17 Ford. L. Rev. 38, 52 (1948); 2 Am. Jur., *Appeal & Error*, § 162. Consequently, the appeal taken by Pedro Mercado Yrizarry from the judgment rendered by the lower court on January 7, 1954, must be dismissed.

 Lastly, we must set forth that the lower court lacked jurisdiction to entertain and decide the motion for annulment of judgment filed by the oppositor-appellant here. It suffices to point out that once an appeal is taken, the lower court loses its jurisdiction to decide a motion under Rule 60 (*b*) of the Rules of Civil Procedure. 32 L.P.R.A. App. R. 60 (*b*); *Molina* v. *Rodríguez*, 63 P.R.R. 458 (1944); *Guilhon & Barthelemy* v. *District Court*, 64 P.R.R. 289, 298 (1944); 7 Moore, *Federal Practice* (2d ed.) 334.[3] *Cf. People* v. *Velázquez*, 69 P.R.R. 316, 317 (1948). The fact that the appeal taken from the judgment of January 7, 1954 is now dismissed in no way changes the situation, since under § 297 of the Code of Civil Procedure, 32 L.P.R.A. § 1284, whenever an appeal is perfected it stays all further proceedings in the court below, upon the judgment or order appealed from, or upon the matters embraced therein, except with respect to any other matter embraced in the action and not affected by the order appealed from. Construing the corresponding section of the Code of Civil Procedure of California (§ 946, 15 West's *Annotated California Codes, Civil Procedure*) it has been held that additional determinations and any other judgment rendered while the appeal is pending are void even if the Supreme Court subsequently dismisses the appeal.

---

[3] While an appeal from the final judgment rendered by the Superior Court is pending, the latter lacks jurisdiction to grant relief under Rule 60 (*b*), except with the permission of the Supreme Court. In this case the oppositor-appellant Pedro Mercado Yrizarry has not requested that permission nor has he complied with the conditions that would permit this Supreme Court to grant it. See 7 Moore, *Federal Practice* (2d ed.) 337.

610

*Pashgian* v. *Stephenson*, 100 Pac. 1075 (Cal. 1909). Furthermore, it is obvious that the dismissal of an appeal from a judgment rendered by the Superior Court may only be decreed by the Supreme Court. *Engelken* v. *Justice Court*, 189 Pac. 298 (Cal. 1920). See also *Bracey* v. *Gray*, 162 P. 2d 314 (Cal. 1945), *cert. denied* 327 U. S. 809; *Field* v. *Hughes*, 25 P. 2d 241 (Cal. 1933); *Jackson* v. *Dolan*, 208 Pac. 315 (Cal. 1922).[4]

The judgment and the order appealed from will be affirmed.

Mr. Justice Pérez Pimentel concurs in the result.

---

[4] It is altogether different when an appeal is taken from an order which is not final but is unappealable under the provisions of § 295 of the Code of Civil Procedure. 32 L.P.R.A. § 1281. In that case we have held that the appeal in no way affects the jurisdiction of the lower court to continue entertaining the suit. *Am. R. R. Co.* v. *Quiñones*, 17 P.R.R. 247 (1911). See *Gregory* v. *Gregory*, 36 Pac. 364 (Cal. 1894) (construing § 946 of the Code of Civil Procedure of California corresponding to § 297 of our Code). Of course, the oppositor-appellant here could attack collaterally, after the mandate in this case is returned to the Superior Court, the judgment which declared the Vélez' brothers and sisters acknowledged natural children if he proves that the same was rendered without jurisdiction and, not being a party to the suit, he may base his challenge on extrinsic evidence. See *Pérez* v. *District Court*, 70 P.R.R. 624 (1949); *Ríos* v. *Román*, 71 P.R.R. 193 (1950); *Cancel* v. *Martínez*, 74 P.R.R. 100 (1952); *Chabrán* v. *Méndez*, 74 P.R.R. 719, 726–729 (1953).