[S. F. No. 11502.   In Bank.—April 4, 1925.]

## LA MESA LEMON GROVE AND SPRING VALLEY IRRIGATION DISTRICT (a Public Corporation), Petitioner, v. J. H. HALLEY et al., Respondents.

[1] INTERVENTION—MANNER OF.—An intervention takes place when a third person is permitted by leave of court to become a party to an action or proceeding between other persons, either by joining with the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding something adversely to both the plaintiff and the defendant.

[2] ID.—INTEREST IN LITIGATION.—An intervener must have an interest in the matter in litigation, or in the success of either of the parties, or an interest against both; and the interest must be of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment; the interest must be direct, and not consequential, and must be such an interest as is proper to be determined in the proceeding in which the intervention is sought.

[3] ID.—PROCEEDING IN MANDAMUS—SIGNING AND ATTESTING BONDS.—In a proceeding in *mandamus* by an irrigation district to compel its president and secretary to sign and attest bonds duly authorized by it for the acquisition of an additional water supply and purchase of a distributing system, parties claiming an interest in the litigation as owners and mortgagors of lands within the district have not such an interest as entitles them to intervene, as they would neither gain nor lose by any judgment in the proceeding and its enforcement would not directly affect their property interests.

[4] ID.—PLEADING — COLLUSION—INSUFFICIENT ALLEGATIONS.—Allegations in a proposed complaint in intervention that the pending application for a writ of mandate is "collusive, unnecessary and not defended in good faith" are mere conclusions and do not state a cause of action in fraud. Facts constituting the charge must be alleged.

(1) 33 C. J., p. 477, n. 30.   (2) 31 Cyc., p. 514, n. 79, p. 515, n. 83.   (3) 38 C. J., p. 857, n. 36.   (4) 31 Cyc., p. 56, n. 15.

1.  See 20 R. C. L. 682; 20 Cal. Jur. 515.

2.  Who may become interveners, note, 15 Am. Dec. 162. See, also, 20 R. C. L. 685; 20 Cal. Jur. 520.

APPLICATION for leave to file a complaint in intervention. Denied.

The facts are stated in the opinion of the court.

Crouch & Sanders for Petitioner.

Herbert C. Kelly for Interveners.

THE COURT.—The La Mesa, Lemon Grove and Spring Valley Irrigation District has filed an application for a writ of mandate to compel the respondents to sign and attest certain bonds claimed to have been duly authorized by the irrigation district of which the respondents are respectively the president and secretary. That application is pending and undetermined. The alleged purpose of the bond issue is the acquisition of an additional water supply and the purchase of a distributing system from the Cuyamaca Water Company. Elsie W. Sullivan and Jerry Sullivan have requested leave to file a complaint in intervention alleging in substance that they have an interest as owners and mortgagors of lands within the district; that the said bonds will be invalid because the indebtedness to be evidenced thereby is beyond the power of the district to assume; that the pending proceeding for a writ of mandate is collusive, unnecessary, and not defended in good faith; that no exigency or necessity exists for the issuance of said ·bonds; that there is and has been no shortage of water within the district; that a large part of the water supply and system proposed to be acquired by the district is now applied to and· located in territory outside of the limits of the district; that the purchase of the Cuyamaca Water Company system by the district has not been approved by the Railroad Commission; that the title to the water distributed by the Cuyamaca Water Company is the subject of litigation with the city of San Diego; that the Railroad Commission has submitted to the district, the city of San Diego, and the Cuyamaca Water Company a proposal for the settlement and compromise of conflicting claims to such waters, which proposed settlement, it is anticipated, will be approved by the voters of the city and of the district; that when the proposed settlement is effected the district will be relieved of the necessity of ex-

pending the proceeds of the said bond issue; that no public exigency exists requiring the action of this court in the proceeding; that there are outstanding bonds of the district of a prior issue sufficient for all necessary indebtedness contemplated by the district, and for that reason the proposed bonds are unnecessary and without authority; that the directors of the district have never estimated the amount of money necessary to be raised for the purposes of the district or for any of the purposes specified in the Irrigation District Act.

[1] An intervention takes place when a third person is permitted by leave of court to become a party to an action or proceeding between other persons, either by joining with the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff or by demanding something adversely to both the plaintiff and the defendant. [2] An intervener must have an interest in the matter in litigation, or in the success of either of the parties or an interest against both (sec. 387, Code Civ. Proc.).

The interest in the matter in litigation as contemplated by the code section must be of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment (*Elliott* v. *Superior Court*, 168 Cal. 734 [145 Pac. 101]). The interest must be direct, and not consequential, and must be such an interest as is proper to be determined in the proceeding in which the intervention is sought (*Isaac* v. *Jones,* 121 Cal. 275 [53 Pac. 793, 1101]). The matter in litigation in the pending proceeding is whether or not the respondents have refused, without legal justification, to do that which the law specifically requires them to do, as duties resulting from their respective offices (sec. 1085, Code Civ. Proc.). The court in said proceeding is not concerned with the necessity or the propriety of authorizing or issuing said bonds. Those questions are for the determination of the officers and electors of the district. Assuming that *mandamus* is the proper remedy, we are then only concerned with the propriety of the refusal of the president and secretary to sign and attest the bonds as required by law. It is difficult to see how the petitioning interveners can gain or lose by any judgment which may be entered in that proceeding. If the writ be

granted, the enforcement of the judgment would not directly affect their property interests. The bonds, when signed and attested, would not be a lien on their property, although, if thereafter sold, they may lead to the creation of a lien (*Drumhiller* v. *Wright,* 64 Cal. App. 498 [222 Pac. 166]). Nor would compliance with the writ, if issued, create a cloud upon their title. If the respondents sign and attest the bonds they must be sold before the lands of the proposed interveners may be taxed to pay the principal and interest thereof. The sale will be contingent on obtaining a proper price after advertising for bids. The bonds may never be sold. The present plans for the acquisition of an additional water supply and a distributing system may be abandoned. [3] It is clear that the interest of the petitioning interveners is remote and contingent and not of the direct and immediate character required by law (*Elliott* v. *Superior Court, supra*).

It may be assumed, as counsel for the proposed interveners contends, that the rules as to intervention apply to *mandamus* proceedings the same as to ordinary actions. Such intervention was permitted in *Wright* v. *Jordan,* 192 Cal. 704 [221 Pac. 915], which was a *mandamus* proceeding. But concerning the propriety of their presence in that proceeding this court said: "As to the interveners herein, it will suffice to say that while they were permitted to intervene as to the extent and for the purpose of sustaining or opposing the respective contentions of the petitioners and respondent herein, their rights as interveners herein go no further, since they cannot be heard to broaden the scope or function of this special proceeding by urging claims or contentions which have their proper forum elsewhere, and in which forum they are already embattled. (*McNeil* v. *Morgan,* 157 Cal. 373–377 [108 Pac. 69].)"

[4] The proposed complaint in intervention attempts to enlarge the issues raised by the petition for a writ of mandate and the return thereto by charging that the pending "application is collusive, unnecessary and not defended in good faith." These allegations are mere conclusions. They do not state a cause of action in fraud. Facts constituting the charge must be alleged (see *Kent* v. *Snyder,* 30 Cal. 674; *Campbell* v. *Genshlea,* 180 Cal. 213 [180 Pac. 336]; 12 Cal. Jur. 801, and cases cited).

There is not the slightest indication in the record herein that the *mandamus* proceeding is not prosecuted and defended in good faith. Indeed, all of the questions which may properly be raised in said proceeding and which are sufficiently alleged in the proposed complaint in intervention appear to be incorporated in the return of the respondents herein. If the proposed interveners desire to file a brief as *amici curiae* in the pending proceeding, application to that end would no doubt receive favorable consideration.

For the reasons hereinabove stated the application to file the complaint in intervention is denied.