[Civ. No. 113. Fourth Appellate District.—February 11, 1931.]

LINDSAY-STRATHMORE IRRIGATION DISTRICT, Petitioner and Respondent, v. WUTCHUMNA WATER COMPANY (a Corporation) et al., Respondents in Lower Court; A. R. CUTLER et al., Interveners and Appellants.

Walter M. Gleason for Appellants.

Sloss & Ackerman, W. G. Irving and Power & McFadzean for Respondent.

BARNARD, P. J.—The Lindsay-Strathmore Irrigation District filed an action in the Superior Court of Tulare County against the Wutchumna Water Company and James B. Rivers, seeking a writ of mandate to compel the delivery of certain water to which the irrigation district claimed to be entitled as a stockholder in the water company. The water company diverts a considerable portion of the water of the Kaweah River into what is known as the Wutchumna ditch, which runs in a general westerly direction. A short distance below the point of that diversion the Kaweah River divides into two channels, the northerly one being known as the St. Johns River, and the southerly one continuing as the Kaweah River. The St. Johns River flows in a westerly direction approximately parallel with the Wutchumna ditch, and only a short distance south of it. The complaint in this action alleges that the irrigation district is the owner of 16.33 shares of the capital stock of the water company, and that as such owner it is entitled to 16.33/91sts of all of the water from time to time flowing in the canal of said company; that it has constructed a side ditch for the purpose of receiving its share of such water, but that the water company refuses to deliver the same, and a writ of mandate is prayed for.

The Wutchumna Water Company filed its answer in this proceeding, and on the same day A. R. Cutler and L. E. Depew asked permission to be allowed to intervene in the action and filed their proposed complaint in intervention. These proposed interveners are the owners of certain lands which they claim are riparian to the St. Johns River, and which are situated between that river and the Wutchumna ditch, and below the point where the side ditch constructed by the petitioner approaches the main canal. Their proposed complaint in intervention alleges that they require the full flow of water of the St. Johns River for the irrigation of their lands; that the Wutchumna Water Company, by reason of long-standing water rights, diverts a portion of the water flowing in the Kaweah River and its branches; that when water is flowing in the Wutchumna ditch, the

amount of water flowing in the St. Johns River past the lands of interveners is and has been increased by water seeping from said canal; that the irrigation district intends to take any water it may obtain as a stockholder in the water company out of the Wutchumna ditch at a point known as Lee Drop, about four miles upstream and easterly from the lands of the interveners; that if the district is permitted to take water from this ditch at said point, the quantity of water flowing in the ditch at lower points will be greatly reduced, and the seepage therefrom entering the St. Johns River will be greatly diminished, thus resulting in a diminished flow in the St. Johns River past the land of interveners; and that if the court should order the water company to deliver water to the irrigation district, such order would require the water company to violate and ignore the rights of the interveners. The prayer is that the irrigation district be enjoined and restrained from taking any water from the Wutchumna ditch above the lands of the interveners.

The trial court refused to permit the complaint in intervention to be filed, and from this order the proposed interveners have appealed. The sole question here presented is whether or not the appellants had such an interest in the controversy pending in the lower court as would entitle them to intervene therein.

It fully appears that the original complaint herein was filed for the purpose of enforcing the rights of the irrigation district as a stockholder in the water company. It also appears that the appellants do not allege any interest in the shares of stock of the water company, but they seek to prevent an injury to their rights which they consider probable, if the water company should recognize and accord to the irrigation district its right as a stockholder. In other words, while the appellants are not directly interested in whether or not the irrigation district is fairly treated as a stockholder in the water company, they are seeking to enjoin the district from receiving its rights as such a stockholder, because of the manner in which it may use those rights when secured. Without considering the ultimate merits of the claims of appellants, we think they were properly excluded from this action.

Section 387 of the Code of Civil Procedure reads in part as follows: "At any time before trial, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding."

It has been held that the interest which will permit an intervention must be of such a direct and immediate nature that the intervener will either gain or lose by the direct legal operation and effect of the judgment. In *Horn* v. *Volcano Water Co.*, 13 Cal. 62 [73 Am. Dec. 569], the court said: "The interest mentioned in the statute, which entitles a person to intervene in a suit between other parties, must be in the matter in litigation and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. . . . To authorize an intervention, therefore, the interest must be that created by a claim to the demand, or some part thereof, in suit, or·a claim to, or lien upon, the property, or some part thereof, which is the subject of litigation."

In addition to other considerations, it may be said that the direct effect of such a judgment as is prayed for in the original complaint in this action would be to provide for the delivery of any water to which petitioner may be found entitled, at the point known as Lee Drop. This lies above the St. Johns River and exactly where the defendant's ditch has always been located, and any seepage therefrom would continue to enhance the flow of St. Johns River, so that appellants would neither gain nor lose by the entry of any such judgment. It seems apparent that if appellants are to be affected at all, it will be not by the direct operation of the judgment, but by an indirect effect thereof, namely, in the manner in which it is feared the irrigation district will later make use of such rights as a stockholder as it secures through the judgment. We think the matter here in litigation is not the water itself, and not directly the right to take water away from a particular area, but it is the right of a stockholder to secure its rights as such, and to receive the benefits of its stock. The appellants are not interested in that matter, but the interest which they seek to set up through allegations of threatened injury in their proposed complaint is consequential, and not direct. In *La Mesa etc. Irr. Dist.* v. *Halley*, 195 Cal. 739 [235 Pac. 999, 1000], the

court says: "The interest in the matter in litigation as contemplated by the code section must be of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. (*Elliott* v. *Superior Court,* 168 Cal. 734 [145 Pac. 101].) The interest must be direct, and not consequential, and must be such an interest as is proper to be determined in the proceeding in which the intervention is sought. (*Isaacs* v. *Jones,* 121 Cal. 257 [53 Pac. 793, 1101].) The matter in litigation in the pending proceeding is whether or not the respondents have refused, without legal justification, to do that which the law specifically requires them to do, as duties resulting from their respective offices (sec. 1085, Code Civ. Proc.). The court in said proceeding is not concerned with the necessity or the propriety of authorizing or issuing said bonds. These questions are for the determination of the officers and electors of the district. Assuming that *mandamus* is the proper remedy, we are then only concerned with the propriety of the refusal of the president and secretary to sign and attest the bonds are required by law. It is difficult to see how the petitioning interveners can gain or lose by any judgment which may be entered in that proceeding. If the writ be granted, the enforcement of the judgment would not directly affect their property interests. The bonds, when signed and attested, would not be a lien on their property, although, if thereafter sold, they may lead to the creation of a lien. (*Drumhiller* v. *Wright,* 64 Cal. App. 498 [222 Pac. 166].) Nor would compliance with the writ, if issued, create a cloud upon their title. If the respondents sign and attest the bonds they must be sold before the lands of the proposed interveners may be taxed to pay the principal and interest thereof. The sale will be contingent on obtaining a proper price after advertising for bids. The bonds may never be sold. The present plans for the acquisition of an additional water supply and a distributing system may be abandoned. It is clear that the interest of the petitioning interveners is remote and contingent and not of the direct and immediate character required by law. (*Elliott* v. *Superior Court, supra.*)"

The matter here in litigation is whether or not the directors of the water company "have refused, without legal justification, to do that which the law specifically requires them

to do''. The real issue in this action is not whether the irrigation district has a right to take water out of a certain area. Perhaps many things, not involved in this case, would prevent such taking. The real issue in this action is whether the irrigation district has such a right as between it and the water company; that is, whether the board of directors have the right to prevent such taking by refusing to accord to the district its right as a stockholder. The right the petitioner claims as against the water company and its directors is not set up in the action as against any outsiders. The situation is somewhat similar to the one that obtained in the case of *San Joaquin etc. Irr. Co.* v. *Stevinson,* 164 Cal. 221 [128 Pac. 924, 930]. In that case the court said: ''The action was not a suit in equity to determine the title to the water, generally, or one in which a general adjudication of such title could be made. It was a special procceding for a particular purpose—namely, to condemn the Stevinson right for the benefit of the plaintiff as the purveyor of the public use. In such a controversy, third persons not interested in the land in subordination to or in common with the person whose right was sought to be taken, but claiming adversely, have no right to intervene under section 387 of the Code of Civil Procedure.''

█ It is a general rule that interveners are not to be permitted to enlarge the scope of the action. (*McNeil* v. *Morgan,* 157 Cal. 373 [108 Pac. 69]; *Wright* v. *Jordan,* 192 Cal. 704 [221 Pac. 915]; *La Mesa etc. Irr. Dist.* v. *Halley, supra.*) The proposed complaint in intervention, if allowed to be filed, would enlarge the scope of this action by adding to the domestic issue as to the right of a stockholder in a corporation, a general issue as to the title to certain water, and even this added issue is based upon what the stockholder might later do with the benefits accruing from its rights as such stockholder, if secured, while its actual right to receive such benefits is not attacked. The appellant particularly relies upon the case of *Cache La Poudre Irrigating Ditch Co. et al.* v. *Hawley,* 43 Colo. 32 [95 Pac. 317, 319]. In that case the court held that the petition in intervention did not change the question before the court in any respect. In that regard the court said: ''The issue between the plaintiffs and defendants, that is the question to be determined as pre-

sented by their pleadings, was the right of the plaintiffs to have turned into the canal of the Ditch Company a certain volume of water from the river. The petition of intervention did not change this question in any respect. True, the intervener pleaded facts upon which it predicated a right to the subject-matter of controversy which are not stated in the original pleadings and which, if established, would prevent the judgment which the plaintiffs seek, but that has not changed the original issue. It still remains as it was i. e.— Are or are not the plaintiffs entitled to divert the water from the stream which they claim? In other words, although intervener predicates its right to the subject-matter of controversy upon which it relies for a judgment in its favor, and to defeat a recovery in favor of plaintiffs, upon facts not stated in either of the pleadings of the original parties, yet the ultimate issue to be determined, the right to divert water from the stream, remains the same, and this appears to be the general rule by which to determine whether or not the intervener has injected a new issue into the case in which he is allowed to intervene.' ''

While, in the case just cited, the ultimate issue remained the same, we find a different situation in the case before us. In the instant case, the appellants do not deny that the water company has a full right to divert its water from the river; and they do not deny that the irrigation district has a right, as a stockholder, to its proportionate share of that water, which, in fact, is the only issue involved in this action. The only claim of appellants is that if the irrigation district is granted its rights as a stockholder in the water company, it is then its intention to use the water thus obtained in a manner that would be injurious to appellants, and an indirect effect and an indirect interest is thus alleged.

We conclude that the appellants are not interested in the particular litigation between the original parties to this action, because the result thereof will not directly affect them. If they are correct in their contention, they cannot be disturbed by any process which may be issued upon a judgment in favor of the original petitioner, and against the original respondent. (*Porter* v. *Garrissino,* 51 Cal. 559.) If, in exercising any rights it may establish as a stockholder in the water company, the irrigation district should later impair

any rights of the appellants, a separate and distinct controversy would then be presented.

For the reasons given, the order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 9, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 10, 1931.