[Civ. No. 6339.   Third Appellate District.—May 11, 1940.]

CHARLES ISAACS et al., Plaintiffs, v. H. M. JONES et al., Respondents; J. EDGAR ROSS, Intervener and Appellant.

J. Edgar Ross, *in pro. per.,* for Appellant.

George R. Maury for Respondents.

THE COURT.—David R. Saunders and wife were, prior to the times herein mentioned, the owners of certain parcels of real property in the county of Los Angeles. This property was subject to a deed of trust to secure the repayment of a promissory note held by Charles Isaacs. Saunders also became indebted to J. Edgar Ross, who brought an action against him to enforce payment, and at the same time caused an attachment to be issued and levied upon the property. In time Ross obtained judgment for some $1720, and upon an execution sale he became the purchaser of the property, and in due time received a deed thereto. In the meantime Saunders had sold his interest in the real property to H. M. Jones, respondent herein. Isaacs, not having been paid, directed the trustee to proceed to sell under the power in the trust. A receiver was appointed who ousted Jones who had been in possession. Jones had continued to occupy the property for a period of one month and eight days after Ross had received his deed therefor, and the receiver occupied the property and collected the rentals from that time until January 2, 1932, a period of six. months, when Isaacs finally received his deed and the receiver discharged, after paying into court the net proceeds of his receivership to await the outcome of the litigation.

Ross, claiming to be entitled to recover some $300 from Jones for the month he used and occupied the premises, and also to recover from the receiver while in possession, intervened in the original foreclosure action of *Isaacs* v. *Jones et al.* However, in that action as to the moneys collected by the receiver (*Isaacs* v. *Jones,* 12 Cal. App. (2d) 98 [54 Pac. (2d) 1123]), the court found that such moneys in his hands belonged to Isaacs and not to Ross. The sole issue now in this phase of the action is whether Ross, the intervener, can recover the value of the occupancy from Jones during the time the property was held by him as a tenant in possession.

The trial court here held that the original action was an action for specific performance of a contract and for declara-

tory relief (under the doctrine of *Mines* v. *Superior Court*, 216 Cal. 776 [16 Pac. (2d) 732]), and the claim of intervener Ross being a claim at law and for an amount less than the jurisdictional requirement of the superior court, was not proper, and ordered judgment for defendant Jones and against Ross, the intervener.

█ The original complaint is not a part of the judgment roll before us, and this being an appeal upon the judgment roll, we must accept the interpretation of the trial court that the original action was for specific performance and declaratory relief.

█ Section 387 of the Code of Civil Procedure states under what conditions a person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene. We do not believe that Ross had such an interest. The main action was to construe a contract, while the claim of Ross was that of a purchaser at an execution sale to collect the rents of property from the tenant in possession. He had no interest in the matter in litigation; he did not claim possession but only the right to collect certain rentals, not against both defendants alike, but separably against each.

In *Horn* v. *Volcano Water Co.*, 13 Cal. 62 [73 Am. Dec. 569], the action was to foreclose a mortgage. The interveners were contract creditors of the mortgagor. They sought to intervene, alleging that the mortgage was executed in fraud by collusion of the mortgagee and mortgagor to defeat the right of interveners as creditors. The court held the intervention was improper.

In *Lindsay-Strathmore Irr. Dist.* v. *Wutchumna Water Co.*, 111 Cal. App. 707 [296 Pac. 942], lower riparian owners sought to intervene, alleging an attempt to deprive them of their riparian rights. The court there said:

"The interest mentioned in the statute which entitled a party to intervene in a suit between other parties, must be in the matter in litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. To authorize an intervention, therefore, the interest must be that created by a claim to the demand or some part thereof in suit, or a claim to or lien upon the property or some part thereof, which is the subject of the litigation."

We fail to see wherein the appealing intervener had an interest in the matter in litigation. He had no right of possession of the property as against Jones when the action was commenced, but merely a statutory right, based upon an implied contract, to collect rentals from the tenant in possession; provided no superior rights intervened. Furthermore, the complaint in intervention sets up two separate severable claims, one against the receivership estate, the other against Jones, who was not the main party in interest in the original action, but merely a proper party defendant.

The judgment is affirmed.