[L. A. No. 20263. In Bank. Dec. 10, 1947.]

MARVIN L. ALLEN et al., Respondents, v. CALIFORNIA WATER & TELEPHONE COMPANY (a Corporation) et al., Defendants; THE CITY OF CORONADO, Appellant.

J. R. Goodbody, City Attorney, and Arthur F. H. Wright for Appellant.

Charles C. Crouch and Phil D. Swing for Respondents.

SHENK, J.—The city of Coronado, a municipal corporation, appeals from an order vacating a prior order granting it leave to intervene in this action and striking its complaint in intervention from the files.

Section 387 of the Code of Civil Procedure permits intervention "at any time before trial" by "any person, who

has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both.'' The present action was commenced in 1936, the trial began in 1940, and continued over a five-months' period. Thereafter, various supplemental proceedings and hearings were had, resulting in the entry in December, 1942, of a decree declaring the extent of the paramount rights of the plaintiffs and appearing cross-defendants to water for their respective parcels of land; the extent of defendant's riparian right; and also the extent to which defendant would be entitled to take water from the Tia Juana basin for exportation under its appropriative right.

In December, 1946, the decree was affirmed by this court, with a slight modification (*Allen* v. *California Water & Tel. Co.*, 29 Cal.2d 466 [176 P.2d 8]). The effect of the modification was (1) to permit the defendant to export water under certain conditions; and (2) to reserve to the trial court jurisdiction ''over the parties and the subject matter so that on the application of any party hereto, or the successor in interest of any party, it may take new evidence on the amount of water seeping or released from the Rodriguez Dam and the amount of return waters from the Rodriguez Project reaching and crossing the line between Mexico and the United States either in the underground sands or by the surface flow of the Tia Juana River; also, on the subject of any change in conditions of water supply in the portion of the Tia Juana Basin in the United States since the date of the judgment; and with the right to make modified or additional findings of fact and conclusions of law, and to modify the decree accordingly.''

In March, 1947, 11 years after the commencement of the action and seven years after the trial, the city of Coronado filed its complaint in intervention. Permission so to do was granted by an ex parte order limiting the intervention ''to those issues left open by the Supreme Court as between the original parties in said action,'' and denying to the intervener ''the right to raise de novo questions which have been litigated and decided between the original parties hereto.''

The pleading alleges that the city is wholly dependent upon the purchase of water from defendant for its requirement of 1,500,000 gallons a day; that defendant supplies it from three sources, (1) Purchase from the San Diego Otay system pursuant to a written contract of 1912, which stipulates that in the event of a water shortage the water will be equitably appor-

tioned among all consumers to the end that defendant shall receive for its consumers, especially the city of Coronado, the same equitable proportion of impounded waters as San Diego receives; (2) Otay Valley wells; (3) Such water as defendant shall be allowed to pump from Tia Juana Basin under its permits of 1924 and 1932 and the decision of this court.

The pleading further alleges that pursuant to the decision of this court, application has been made to take evidence on the amount of the Mexican waters and on the subject of change of conditions since the date of the judgment; that for more than five years defendant has furnished water to Coronado from its Tia Juana development and that by such development and use there has been a dedication of the Tia Juana waters to Coronado; that Coronado has an interest in the matter in litigation because the major portion of its supply comes from Tia Juana Basin sources and if these are shut off, the only source will be the San Diego Otay system, which is also dedicated to other areas and servitudes; that it is of vital importance to Coronado that any other available water be developed and determined, and for that reason, Coronado has an interest in the success of defendant in this action; that since June, 1946, there has been no appreciable run off of waters into the reservoirs comprising the San Diego system and the rainfall has been far below normal and insufficient to replenish the impounded supply.

The prayer of the intervener is that its rights and the right of other parties to Tia Juana Basin waters be declared; that reasonable regulations be made for the use of such waters, with jurisdiction reserved in the court to modify its orders and decrees as the occasion may demand; and that the intervener have any other relief deemed meet and right in equity; together with costs.

It may be assumed without discussion, that the court had power in the first instance to permit the filing of the complaint in intervention by an order granted without notice or service as required by rule XIV of the San Diego Superior Court. However, it appears from a study of the pleading and the record on plaintiffs' motion to vacate that the court properly concluded that the ex parte order should be set aside and correctly struck the complaint in intervention from the files.

The complaint in intervention was not timely; it was not filed in the trial court "before trial" as that term is used in section 387. Although the modification of the judg-

ment by this court permits the taking of certain additional evidence and jurisdiction in the trial court is reserved to make modified or additional findings, it does not constitute such a reversal of the decree as would permit a retrial in the ordinary sense nor contemplate the bringing in of additional parties for an adjudication of their rights. The modification expressly limits the reservation of jurisdiction to "the parties and the subject matter so that on the application of any party hereto, or the successor in interest of any party, it may take new evidence. . . ." The intervener is neither a party nor the successor in interest of any party. The fact that the ex parte order purported to limit the intervention to those issues left open between the original parties is of no particular significance. The cause has been tried and has proceeded to final judgment. If the intervener desired to unite with the defendant in resisting the claims of the plaintiffs (§ 387, *supra*), it should have made that attempt prior to the trial in 1940. (*Braun* v. *Brown*, 13 Cal.2d 130, 133 [87 P.2d 1009]; *Baines* v. *West Coast Lumber Co.*, 104 Cal. 1 [37 P. 767].)

Aside from the statutory limitation upon the time of intervention, it is the general rule that a right to intervene should be asserted within a reasonable time and that the intervener must not be guilty of an unreasonable delay after knowledge of the suit. (*Hibernia etc. Society* v. *Churchill*, 128 Cal. 633, 636 [61 P. 278, 79 Am.St.Rep. 73]; *Mack* v. *Eummelen*, 31 Cal.App. 506 [106 P. 1096]; 20 Cal.Jur. pp. 520-522, § 25; 39 Am.Jur. pp. 943-945, §§ 71, 72; 127 A.L.R. 668, 672.) The record here (affidavit in support of motion to vacate) shows that at various times between the commencement of the action and the entry of judgment, officials of the city of Coronado were informed of the pendency of the litigation, the issues involved, and of the progress of the suit. This information was given in connection with discussions over water rates and as a reason for defendant's inability to reduce the rates in Coronado. The litigation was also given much local publicity. Nevertheless, the city delayed action from 1936 until it became alarmed over the scanty rainfall in the 1946-1947 season. The possible commencement of a dry cycle following a cycle of wet years was to be anticipated. Such a contingency would in no way change the status of the intervener or furnish excuse for the delay in seeking to intervene.

■ The "interest" mentioned in section 387 which entitles a person to intervene in a suit between other persons must be "in the matter in litigation and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment" (*Elliott* v. *Superior Court,* 168 Cal. 727 [145 P. 101]); it must be "direct and not consequential" (*Isaacs* v. *Jones,* 121 Cal. 257, 261 [53 P. 793, 1101]). See, also, *Bechtel* v. *Axelrod,* 20 Cal.2d 390, 392 [125 P.2d 836]; *La Mesa etc. Irr. Dist.* v. *Halley,* 195 Cal. 739 [235 P. 990]; *Lindsay-Strathmore Irrig. Dist.* v. *Wutchumna Water Co.,* 111 Cal.App. 707 [296 P. 942]; 20 Cal.Jur. p. 520, § 25; 39 Am.Jur. p. 935, § 61; 30 Cal. L.Rev. 478.

■ Here the city of Coronado has not such an "interest" in the supplemental proceedings under reserved jurisdiction as would give it a right to intervene. It has no direct interest or claim to any of the waters involved in the litigation. Although it alleges a dedication to it of Tia Juana waters based on a five-year use, the record shows that the present injunction suit was filed against defendant in 1936 before any delivery of water had been made by it to Coronado, and that thereafter pumping and delivery of water were permitted subject to the outcome of the litigation. Defendant is in no position to claim and never has asserted the attachment of a public use. The city of Coronado, one of its customers, cannot claim and in fact has no greater right in the waters than has defendant itself. ■ An intervener is bound by the record of the action at the time intervention is sought. (20 Cal.Jur. p. 526, § 29; *McNeil* v. *Morgan,* 157 Cal. 373, 377 [108 P. 69]; 39 Am.Jur. p. 950, § 79.) The city stands in the same position as that of other water users whose needs are served by defendant either partially or wholly from Tia Juana Basin sources. Its interest is indirect and consequential. Such an interest may not properly be asserted in the supplemental proceedings. It may not therefore serve as a proper subject for intervention.

The order is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.