[Civ. No. 16264. Second Dist., Div. One. Aug. 19, 1948.]

EARLE J. BERNHEIMER, Plaintiff and Respondent, v. SALLY WRIGHT BERNHEIMER, Defendant and Respondent; JEWISH MEMORIAL HOSPITAL ASSOCIATION, Intervener and Appellant.

Loeb & Loeb and H. F. Birnbaum for Intervener and Appellant.

Gold and Needleman for Plaintiff and Respondent.

YORK, P. J.—This is an appeal from an order denying a petition to intervene in a divorce action, and also from an order denying a rehearing therein.

The complaint for divorce was filed by plaintiff husband on January 9, 1947, and pleads two causes of action: (1) extreme cruelty prior to separation which is alleged to have occurred on April 3, 1941, and (2) desertion.

The amended answer of defendant wife denies the two causes of action and alleges two affirmative defenses: (1) entry of a final judgment of divorce between the parties in the State of Missouri in 1943, and (2) estoppel, based upon plaintiff's subsequent remarriage to one Verone Odegard.

Said divorce action has been set for trial on October 5, 1948.

The petition for intervention under section 387 of the Code of Civil Procedure alleges:

(a)  The petitioner, hereinafter referred to as appellant, is a Missouri charitable corporation, and, as such, operates a hospital in Kansas City, Missouri.

(b)  Plaintiff's mother died testate in Missouri and established a testamentary trust:

1.  Plaintiff receives the income for life and the right to receive $15,000 per annum from corpus.

2.  After termination of the trust the corpus goes to the "lawful issue of the body" of plaintiff.

3.  In default of such lawful issue, two-thirds of the corpus goes to appellant.

The trust has a present value of more than $750,000.

(c)  An action for declaratory relief in Missouri resulted in the following findings of fact and conclusions of law:

1.  Plaintiff married defendant shortly before his mother's death, having been divorced twice previously;

2.  Plaintiff and defendant entered into a property settlement agreement, and thereafter became residents of California;

3.  On January 28, 1942, plaintiff obtained a Mexican divorce in violation of an injunction of the Superior Court of Los Angeles County;

4.  Thereafter he married Verone Odegard in Nevada, and a son (Earle Jr.), was born to them on February 9, 1942;

5.  On July 28, 1943, plaintiff agreed to pay defendant $85,000 within 10 days after the entry of a subsequent decree of divorce in her favor; on August 21, 1943, defendant obtained a divorce in Missouri, in which proceeding plaintiff appeared and filed his answer;

6. On August 21, 1943, a second marriage ceremony was performed in Reno, Nevada, between Verone (Odegard) Bernheimer and plaintiff;

7. Both the Mexican and Missouri divorces were invalid because plaintiff and defendant were citizens and residents of California.

8. Under the law of Missouri, which governs the testamentary trust, Earle, Jr., is not plaintiff's lawful issue.

(d) Plaintiff has no living issue except Earle, Jr., and has brought the instant action for the purpose and with the intent of making Earle, Jr., lawful issue under Missouri law. Earle, Jr., is already legitimate under section 230 of the Civil Code of California, in which state he and his father reside.

(e) Appellant, as a charity, is under a duty to protect its valuable property right as residuary beneficiary under the trust, and desires to intervene in order to bring to the attention of the court three additional defenses to the plaintiff's cause of action, which are available to defendant, and which she has not pleaded:

1. Estoppel arising out of the Mexican divorce.

2. Recrimination under sections 111 and 122 of the Civil Code.

3. Laches under subdivision 3, section 124, Civil Code. Appellant here urges that it "has the right to intervene on two independent grounds specifically granted by section 387 of the Code of Civil Procedure: *first,* that it has an interest in the success of the defendant, and *second,* that it has an interest in the matter in litigation."

"Section 387 of the Code of Civil Procedure is the statute which authorizes intervention in an action by one who was not originally a party thereto. It provides that 'at any time before trial, any person, who has an interest in the matter in litigation, or in the success of either of the parties or an interest against both, may intervene in the action or proceeding.' In *Elliott* v. *Superior Court,* 168 Cal. 727, at 734 [145 P. 101], it is declared that 'The interest mentioned in the code which entitles a person to intervene in a suit between other persons must be in the matter in litigation and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment.' In *Isaacs* v. *Jones,* 121 Cal. 257, at 261 [53 P. 793, 794, 1101], it is said that the 'interest' specified in the above-mentioned section of the code 'must be direct and not consequential, and it must be an interest which

is proper to be determined in the action in which the intervention is sought.' To the same effect are the decisions in *La Mesa etc. Irr. Dist.* v. *Halley,* 195 Cal. 739, 741 [235 P. 999], *Lindsay-Strathmore Irr. Dist.* v. *Wutchumna Water Co.,* 111 Cal.App. 707, 710 [296 P. 942], and *City of Alhambra* v. *Jacob Beam Realty Co.,* 138 Cal.App. 251 [31 P.2d 1052].'' *Estate of Olcese,* 1 Cal.App.2d 72, 78 [36 P.2d 215].

And in *People* v. *Brophy,* 49 Cal.App.2d 15, 34 [120 P.2d 946], it was stated by this court: ''And the interest which entitles a party to intervene must be an interest in the matter in litigation in the suit *as originally* brought, and of such a present, direct and immediate character that the intervener will either gain or lose by the direct effect of the judgment. (*Jersey Maid Milk Products Co.* v. *Brock,* 13 Cal.2d 661 [91 P.2d 599] ; *La Mesa Lemon Grove & Spring Valley Irr. Dist.* v. *Halley,* 195 Cal. 739 [235 P. 999] ; *McNeil* v. *Morgan,* 157 Cal. 373 [108 P. 69].) An intervener cannot be permitted to broaden the scope or function of such special proceeding by urging claims or contentions which have their proper forum elsewhere. (*Wright* v. *Jordon,* 192 Cal. 704 [221 P. 915].)'' (Emphasis included.)

In *Isaacs* v. *Jones,* 39 Cal.App.2d 88, 90 [102 P.2d 434], it is stated, quoting from *Lindsay-Strathmore Irr. Dist.* v. *Wutchumna Water Co.,* 111 Cal.App. 707 [296 P. 942] : '' 'The interest mentioned in the statute which entitled a party to intervene in a suit between other parties, must be in the matter in litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. To authorize an intervention, therefore, the interest, must be that created by a claim to the demand or some part thereof in suit, or a claim to or lien upon the property or some part thereof, which is the subject of the litigation.' ''

''. . . generally, the rights asserted must be such as may conveniently be determined in the controversy, and the issues presented must be such as will not retard the principal suit or change the position of the original parties.'' (20 Cal.Jur. § 23, p. 517.)

With respect to the propriety of third parties intervening in an action for divorce, the following appears in 17 American Jurisprudence, page 292, section 276: ''Persons other than the parties to the marriage or those who represent them in the suit in case of some legal disability are not ordi-

narily proper parties to a divorce action, in the absence of some statutory provision authorizing others to be made parties, unless, in addition to a decree of divorce, the plaintiff seeks an adjudication of property rights or a division of the property, in which case third persons who have or claim to have an interest in the property involved are proper parties. There are instances also in which the grantee of the party defendant in a divorce action has been permitted to be made the party defendant for the purpose of contesting the validity of a conveyance claimed to have been in fraud of the plaintiff's marital rights. *In no event, however, do third persons have the right to be heard upon the question of the plaintiff's right to a divorce.* Third parties, as a general rule, have no right to intervene in a divorce action in the absence of statute, unless they have, or claim to have, an interest in property involved in the divorce action. Even though divorce proceedings may incidentally affect third persons, such proceedings are considered as involving only the right of the two spouses, as to which a third person has no legal right to be heard.''

The instant action is one for divorce alone, no property rights of any nature are involved therein. And while appellant alleges its interest is simply ''to protect its property rights which *might* be affected by a change in the status of the plaintiff as a result of the outcome of this proceeding,'' it seeks by its petition in intervention to become a party to the divorce action itself in order to interpose certain defenses which the defendant has not seen fit to allege in her amended answer.

In justification of its petition to intervene, appellant argues that ''the creation of an heir, where none existed, results in direct loss because it puts the legatee's vested property rights in jeopardy . . . if defendant prevails, it will mean that the plaintiff does not have the status enabling him to make Earle, Jr. his lawful issue under Missouri law. . . . The father is acting in the interests of his son. The son's rights are wholly dependent upon his father's success in obtaining a valid divorce from the father's third wife in order to be able to effect a valid marriage to the son's mother.''

Turning to the allegations in the petition with respect to the terms of the testamentary trust, it appears that the net income from the trust is payable to the son, Earle J. Bernheimer, during his lifetime and after his death to his lawful issue for maintenance, education, welfare and advantage;

that in addition to net income said son is entitled to receive out of the corpus not to exceed $15,000 per annum; that after the death of the son, the corpus of the trust is to be distributed to his issue at the times and in the manner specified; that the trust shall terminate, among other events, when there is no longer living either said son or any issue of said son under 40 years of age; that at such end of the trust, if there then be no living issue of said son, two-thirds of all property then remaining in said trust shall be given to Menorah Hospital Association, for the construction and/or operation of an addition to Menorah Hospital, to be named Bertha and Jerome Bernheimer Memorial.

It is apparently the theory of appellant that in the protection of the above-named property rights, it shall resort to every possible means to hinder plaintiff from procuring a valid divorce from defendant, and thereby prevent Earle, Jr., from ever attaining the status of lawful issue under the terms of the trust.

Appellant further maintains that it comes within the purview of section 387 of the Code of Civil Procedure, because it is interested in the success of the defendant in the divorce action.

Even though defendant prevails in this action, the appellant's interest under the testamentary trust hereinbefore referred to is remote and contingent upon many factors other than the legitimacy of the child Earle, Jr., in the State of Missouri. In the circumstances here presented, the interest asserted by appellant "is not of such a present, direct and immediate character that the intervener will either gain or lose by the direct effect of the judgment." (*People* v. *Brophy, supra.*)

For the reasons stated, the orders appealed from are, and each of them is, affirmed.

Doran, J., and White, J., concurred.

A petition for a rehearing was denied September 7, 1948.