[Civ. No. 14594. First Dist., Div. Two. Apr. 30, 1951.]

CITY OF BURLINGAME, Petitioner, v. THE COUNTY OF SAN MATEO et al., Respondents; THOMAS SCOBLE & SONS, INC. (a Corporation), Intervener and Appellant.

Alfred J. Harwood for Appellant.

Louis B. Dematteis, District Attorney, John A. Bruning, Deputy District Attorney, and J. W. Coleberd for Respondents.

GOODELL, J.—In December, 1946, the city of Burlingame commenced a proceeding in certiorari in the superior court, contending that the Board of Supervisors of San Mateo County was acting in excess of its jurisdiction in a proceeding then before it for the incorporation of the city of Millbrae. Appellant later moved to intervene in the certiorari proceeding on the side of Burlingame and when its motion was denied this appeal was taken.

Mills Estate, Incorporated, owned land adjacent to the northerly boundary of Burlingame and on August 1, 1946, petitioned for the annexation thereof by that city under the Annexation of Uninhabited Territory Act of 1939 (Stats. 1939, p. 1567, 2 Deering's 1944 Gen. Laws, Act 5162.) The Mills Estate land was a strip 100 feet in width and in the shape, roughly, of a horseshoe or the letter "U," with each tip of the horseshoe contiguous to Burlingame's northerly boundary for a distance of 100 feet (discussed in detail in *City of Burlingame* v. *County of San Mateo,* 90 Cal.App.2d 705, 709-10 [203 P.2d 807]). Within the horseshoe-shaped strip lies an area of approximately 730 acres which was not involved in the annexation. No objection was filed with the Burlingame council, and on September 23, 1946, it adopted an ordinance approving the annexation. A certified copy thereof, filed with the Secretary of State on November 12, 1946, completed the annexation (Annexation Act, § 10, *supra*).

On September 24, 1946, a petition was filed with the supervisors for the incorporation, under the Municipal Corporation Act of 1883, of Millbrae as a city of the sixth class. *The territory described in that petition included the whole 100-foot strip, the annexation of which by Burlingame had been ordained the day before.* It also included the 730-acre parcel lying within the horseshoe strip (but not involved in the Burlingame annexation).

The Millbrae proceedings progressed to the holding of an election, on December 10, 1946, wherein the proposition for incorporation carried. Four days before the votes were to be canvassed by the supervisors Burlingame filed its petition in certiorari, alleging that it had annexed the 100-foot strip,

and seeking a judgment that by reason thereof the board of supervisors had exceeded its jurisdiction by attempting to include the same property within the proposed boundaries of Millbrae. The prayer was that the canvass of votes be restrained and the resolution for the incorporation of Millbrae annulled. An alternative writ issued, halting board action until further order.

On January 20, 1947, a quo warranto proceeding was filed in the Superior Court of San Mateo County on the relation of a Burlingame property owner, challenging the validity of Burlingame's annexation of the 100-foot strip. The filing of that case, and the pendency of Burlingame's certiorari proceeding challenging the Millbrae incorporation proceeding, produced somewhat of a deadlock. A motion to consolidate the two cases was denied. A stipulation was then entered into that the court should proceed to try the quo warranto proceeding, and if the state prevailed therein the certiorari proceeding would be dismissed but if Burlingame prevailed the writ of review would be granted.

The trial of the quo warranto case resulted in a judgment annulling the Burlingame annexation. Shortly thereafter the trial court dismissed the certiorari proceeding and the supervisors thereupon, on the same day, canvassed the votes in the Millbrae proceeding, and a certificate of Millbrae's incorporation was filed with the Secretary of State on January 14, 1948.

Burlingame appealed from the judgment in the quo warranto case, also from the order dismissing the certiorari proceeding. Both judgments were reversed by this court on March 18, 1949, in *City of Burlingame* v. *County of San Mateo, supra,* 90 Cal.App.2d 705. The quo warranto judgment was reversed with the direction to make new findings and enter judgment in favor of Burlingame. The order dismissing the certiorari proceeding was reversed without any direction and with no discussion except to point out that the stipulation necessitated such reversal in the circumstances. A petition for hearing was denied by the Supreme Court.

About six weeks after the filing of the remittitur this appellant applied for leave to intervene in the certiorari case. The court in denying that application held that Millbrae had become a de facto municipal corporation and "the determination of the validity of antecedent proceedings leading up to the . . . incorporation of a de facto municipal corporation can be determined only in a quo warranto proceeding''; that the proceeding in which intervention was sought was

not of that character, but "on the contrary, it is merely an abandoned proceeding in certiorari."

The four contentions urged by appellant on this appeal are stated by its counsel as follows:

"1. The appellant has an absolute right to intervene in this action.

"2. The trial court erred in holding that, in this action, which is a direct attack by certiorari, the respondents can successfully assert that by reason of their ignoring the certiorari proceeding, the 'City of Millbrae' acquired a 'de facto' existence which ousted the court of jurisdiction, in this action, to pass on the validity of the incorporation proceedings.

"3. The trial court erred in dismissing the action. After a petition for leave to intervene is filed the court has no power to dismiss the action as to the intervener.

"4. This action is not 'moot.' Even if it were moot as to the petitioner City of Burlingame it is not moot as to appellant."

Respondents' principal contention herein is that appellant has no interest in the matter in litigation within the meaning of section 387, Code of Civil Procedure. That section provides that "At any time before trial, any person, who has an interest in the matter in litigation, or in the success of either of the parties . . . may intervene. . . ."

The courts have held "an interest in the matter in litigation" to mean one which is "direct and not consequential" (*Allen* v. *California etc. Co.*, 31 Cal.2d 104, 109 [187 P.2d 393]); "direct and immediate" (*Elliott* v. *Superior Court*, 168 Cal. 727, 734 [145 P. 101]; *La Mesa etc. District* v. *Halley*, 195 Cal. 739, 741 [235 P. 999]; *Jersey etc. Co.* v. *Brock*, 13 Cal.2d 661, 665 [91 P.2d 599]); not "remote and contingent" (*Bechtel* v. *Axelrod*, 20 Cal.2d 390, 393 [125 P.2d 836]).

What did the principal actor, the city of Burlingame, seek in the certiorari proceeding?

In the *In re Sanitary Board of East Fruitvale Sanitary District* case, 158 Cal. 453, 457 [111 P. 368], the court said: "It is a well settled doctrine that 'there cannot be at the same time, within the same territory, two distinct municipal corporations exercising the same powers, jurisdiction and privileges.' [Citations.]" And in *City of Burlingame* v. *County of San Mateo, supra,* 90 Cal.App.2d 705, 706-7, we said: "The litigation thus grows out of the rivalry arising from the efforts to incorporate these lands into one or the other municipality. Appellant city of Burlingame entered court first with its petition for writ of review seeking a judg-

ment that by reason of its annexation to Burlingame the board of supervisors exceeded their jurisdiction by attempting to include the same property within the proposed limits of Millbrae. It is undisputed that if the annexation to Burlingame was valid this claim was correct since the first proceeding in point of time excludes the jurisdiction of the later one. (*People* v. *City of Monterey Park,* 40 Cal.App. 715 [181 P. 825].)''

The city of Burlingame in the certiorari proceeding sought to prevent an overlap such as that spoken of in the East Fruitvale and Monterey Park cases, *supra,* and asserted the clear priority established by its annexation of the 100-foot strip a month before that proceeding was filed.

What, on the other hand, did the appellant seek? Appellant was not concerned with the validity of Burlingame's annexation of the 100-foot strip or with safeguarding Burlingame against the threatened overlap and conflict in jurisdiction, since it owns no property in Burlingame or within the annexed area. Its sole interest, as disclosed by its proposed pleadings, was in the defeat of the incorporation of Millbrae.

Appellants' motion was accompanied by a proposed petition in intervention wherein it alleged that it was and is ''the owner of real property situated within the boundaries described in resolution for the proposed incorporation of the City of Millbrae'' and ''a taxpayer by reason of the ownership of said real property and, if it should be finally adjudicated that the proposed City of Millbrae was legally incorporated, petitioner and the said property of petitioner will be liable for taxes assessed by said City of Millbrae.'' The petition then adopts and incorporates all the allegations of the city's petition for certiorari.

Appellant later filed a notice to amend its motion to intervene, accompanied by a new proposed petition wherein it copied the city's allegations almost verbatim, adding but one paragraph of its own alleging its interest just as it had originally.

Nowhere does either petition allege any interest of the intervener in Burlingame's success *other than as a property-owner in Millbrae (an adjoining area) faced with the prospect of having to pay city taxes therein in case Burlingame fails to halt Millbrae's incorporation.*

In *City of Alhambra* v. *Jacob Bean Realty Co.,* 138 Cal. App. 251 [31 P.2d 1052], the city sought to condemn for a municipal reservoir, land owned by the realty company. The

owner of adjoining land intervened, alleging that if the plaintiff acquired the land and constructed a reservoir thereon, "this intervener will sustain damages by reason of the depreciation of the market value of said lands . . ." A demurrer to her complaint was sustained without leave to amend, followed by a dismissal of the intervention. In affirming the court said: "It will be seen at once from the complaint in intervention that the Intervener has no interest in the land sought to be condemned, or in the success of either party, or any interest against both parties. The only claim made is that she will ultimately be damaged if plaintiff is successful and some day builds a reservoir on the property taken . . . The complaint here showing no direct interest in the litigation, but only a consequential interest in the probable use of the property if plaintiff is successful, and no possibility of gain or loss from the direct legal effect of any judgment that might be rendered, we fail to see that any right to intervene is shown by the complaint (secs. 387 and 1246, Code Civ. Proc.), or how it could possibly be amended to show such a right."

The two cases are parallel. There the intervener connected herself with the main case only by the allegation that the value of her *adjoining land* would be depreciated. Here the intervener connected itself with the main case only by the allegation that it and its land *in an adjoining area* would be subject to city taxes in that area.. In both cases the intervener's interest was remote and consequential. See, also, *La Mesa etc. District* v. *Halley, supra,* 195 Cal. 739, 741.

The stipulation made before the trial of the quo warranto case was that if Burlingame won the writ of review should issue. After the appeal (90 Cal.App.2d 705) Burlingame abandoned the certiorari case. There then remained no reason for it to press for the peremptory writ since by the quo warranto judgment the jurisdictional question had been adjudicated and a peremptory writ would have added nothing thereto. While appellant's motion to intervene was pending respondents' motion to dismiss the certiorari proceeding "upon the ground that no issue now exists in said action and that said action has become moot" was granted on that ground without opposition by the city.

Appellant contends that it was the duty of the court to follow the stipulation and issue the peremptory writ, and that it erred in dismissing the main case while the application to intervene was pending. A writ annulling the Millbrae in-

corporation proceedings (as prayed in the city's petition for certiorari) would have served appellant's own purposes, for in such event it would have had no city taxes to pay. *But its position in pressing for the writ after Burlingame itself had ceased to do so only serves to emphasize appellant's indirect and remote interest in the main case.* Appellant had no absolute right to intervene (see *In re Yokohama Specie Bank, Ltd.,* 86 Cal.App.2d 545, 554-5 [195 P.2d 555]) and the pendency of its motion could not prevent the dismissal of the main case.

There is no need to discuss any other points.

An appeal was taken from the judgment dismissing the certiorari proceeding as well as from the order denying permission to intervene. ▉ Since appellant never became a party to the record in the main case it is not in a position to appeal from the judgment dismissing it. (*Braun* v. *Brown,* 13 Cal.2d 130, 133 [87 P.2d 1009].)

Accordingly the appeal from the judgment dismissing the main case is dismissed.

The appeal from the order denying permission to intervene is affirmed.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied May 29, 1951, and appellant's petition for a hearing by the Supreme Court was denied June 28, 1951.