LEO BENOLKEN, ADMINISTRATOR OF THE ESTATE OF FRANK BENOLKEN, DECEASED, PLAINTIFF AND APPELLANT, v. RALPH MIRACLE, GENERAL RECORDER OF BRANDS, DEFENDANT, AND GEORGE BENOLKEN, ET AL., INTERVENORS AND RESPONDENTS.

No. 9406.
Submitted February 15, 1955. Decided October 27, 1955.
As amended on Denial of Rehearing November 21, 1955.
289 Pac. (2d) 953.

496

E. F. Bunker, Lyman H. Bennett, Jr., Bozeman, for appellant.

Ralph J. Anderson and Stanley P. Sorenson, Helena, for intervenors and respondents.

Mr. Bennett and Mr. Anderson argued orally.

MR. JUSTICE ANDERSON:

Frank A. Benolken died the 25th of March 1940. Prior to his death he had registered with the general recorder of marks and brands of the State of Montana the brand F/B. After his death decedent's wife, Phoebe Benolken, continued to operate the ranch where the stock bearing the brand F/B were run. The brand expired December of 1941 and was not reregistered by anyone connected with the estate of deceased. Later the F/B brand was recorded in the name of Phoebe Benolken.

Phoebe Benolken died in 1947, leaving a will which was admitted for probate. By a decree of distribution the brand F/B and the stock bearing the brand were distributed, under the provisions of her will to various persons.

The appellant, a son and heir of Frank A. and Phoebe Benolken, had full notice of the probate proceedings in the estate of Phoebe Benolken and made no attempt to protest the will, nor was any other attempt made in any way against any of the probate proceedings.

In this action, however, Leo Benolken appears in the capacity of the administrator of the estate of Frank A. Benolken, deceased, a stranger to the probate proceeding in the estate of Phoebe Benolken, deceased. Here his complaint is directed to the brand which he says should be recorded under the laws of Montana in his name as administrator of the estate of Frank A. Benolken, deceased.

The appellant here sought, in effect, by his complaint below,

to mandamus the recorder of marks and brands. His effort was directed at getting control of the brand F/B which brand, of course, would be *prima facie* evidence of the ownership of all livestock bearing the brand. Mandamus clearly would not be against the recorder of marks and brands because there is no clear legal duty upon the recorder to do what plaintiff required by his complaint. R.C.M. 1947, section 93-9102; State ex rel. Kennedy v. District Court, 121 Mont. 320, 194 Pac. (2d) 256, 2 A.L.R. (2d) 1050; State ex rel. Peterson v. Peck, 91 Mont. 5, 4 Pac. (2d) 1086. Accordingly, as to Ralph Miracle, the recorder of marks and brands, the judgment dismissing the action was correct for the reason that the brand F/B expired during December 1941 and under the provisions of R.C.M. 1947, section 46-605, the brand itself was open to record by anyone including Phoebe Benolken.

An examination of plaintiff's complaint leaves little doubt as to what was sought and in its final analysis the recorder of marks and brands is called upon to perform an act, to-wit: to issue the plaintiff the brand described in the complaint.

Upon the filing of the complaint and upon order to show cause the intervenors, who are the beneficiaries under the will of Phoebe Benolken, filed their complaint in intervention and the district judge made an order granting leave to intervene in said action as *defendants* and no more.

Whereupon intervenors cross complained and asked for specific relief in the nature of a suit to quiet title by their cross complaint. The court below allowed proof to be taken far out and beyond the limits necessary to determine the issues of mandamus but far short of enough to determine the issues relating to an attempted quiet title suit of personal property. At least this is so insofar as completing a record upon which we, as a reviewing court, could logically determine the questions attempted to be raised. Nonetheless the court below made finding of fact and conclusions of law upon which is based the following judgment:

"Now, Therefore in consideration of the premises, the Findings of Fact and Conclusions of Law hereinabove set forth,

"It Is Ordered, Adjudged and Decreed that the plaintiff take nothing by this action; that his complaint be dismissed and that the intervenors have and recover their costs herein expended, in the sum of $.................

"It Is Further Ordered, Adjudged and Decreed that the intervenors herein are the owners of the following described brand, to-wit: F/B, which brand was used and applied on the right ribs of cattle and on the right shoulder for horses, and all of the livestock in their possession bearing said brand and the owners of and entitled to the proceeds from the sale of any such livestock which may have been sold bearing said brand since the commencement of this action."

We hold that the action here was clearly a mandamus action, and no more, notwithstanding the fact that a casual reading of plaintiff's complaint may indicate otherwise.

Under the circumstances the intervenors, who were entitled to intervene *as defendants* according to the district court's order, could not broaden the scope or functions of the proceedings in mandamus by urging claims or contentions which have their proper forum elsewhere. State ex rel. City of Miles City v. Northern Pac. Ry. Co., 88 Mont. 529, 295 Pac. 257; Sturner v. James A. McCandless Inv. Co., 87 Colo. 23, 284 Pac. 778; La Mesa Lemon Grove & Spring Valley Irr. Dist. v. Halley, 195 Cal. 739, 235 Pac. 999; Wright v. Jordan, 192 Cal. 704, 221 Pac. 915; 55 C.J.S., Mandamus, section 254, page 478; Lindsay-Strathmore Irr. Dist. v. Wutchumna Water Co., 111 Cal. App. 707, 296 Pac. 942; Independent School District of Danbury v. Christiansen, 242 Iowa 963, 49 N.W. (2d) 263; State ex rel. Nelson v. Butler, 145 Neb. 638, 17 N.W. (2d) 683.

Under R.C.M. 1947, section 93-3415, the intervenors are not entitled to maintain their cross-complaint unless that cross-complaint relates to or depends upon the duties here asserted by the plaintiff against the defendant Miracle and by Miracle, the defendant, denied. Whether the intervenors are the owners of

this brand, the animals bearing the brand, and of the proceeds of the sale of animals thus branded presents a question which bears no relation to the duty of the general recorder of marks and brands to issue a certificate to the plaintiff. And it is this duty which constitutes the subject-matter of this proceeding. The cross-complaint here was improperly filed because it does not fall within the definition of the cross-complaint permitted by section 93-3415, supra. This court said in State ex rel. City of Miles City v. Northern Pac. Ry., supra [88 Mont. 529, 295 Pac. 262] : "* * * they [intervenors] may not, however, broaden the scope or functions of the proceeding in mandamus, but may oppose or resist the granting of the writ, as here."

The language in that case means that the intervenors by their cross-complaint may not transform a proceeding in mandamus against a public officer into a private dispute between them and the plaintiff to settle disputed property rights which do not relate to, or depend upon, the duty of the officer against whom the proceeding is brought. We see no reason to depart from the authority of State ex rel. City of Miles City v. Northern Pac. Ry., supra.

The dispute, if any, between the intervenors and the plaintiff must first be resolved in an action directed to that end before there could be any duty imposed upon the defendant Miracle to do any act other than those required of him under section 46-605, supra.

Accordingly the judgment below is reversed insofar as it adjudicates title to either the brand F/B or the cattle involved or the proceeds from the sale of any livestock bearing the brand F/B and is affirmed in dismissing the complaint of plaintiff. Each party litigant shall pay his own costs.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES ANGSTMAN, DAVIS and BOTTOMLY, concur.

MR. JUSTICE ANGSTMAN: (dissenting on rehearing).

500

In my opinion the complaint before us was sufficiently broad to try the title to the livestock and the fund derived from their sale and the sale of the brand, if the necessary parties were before the court. The necessary parties came in by petition for intervention.

In their answer to the complaint intervenors deny the ownership of Frank A. Benolken to the livestock and assert ownership thereof in Phoebe Benolken, from whom they claim. The case was tried on the issue of ownership of the livestock and brand without opposition by anyone and in fact it was stipulated that all parties were anxious to dispose of the fund to whomsoever it belongs. While jurisdiction may not be conferred by stipulation, the question here is not one of jurisdiction. The court had jurisdiction of the parties and the subject matter and the question is, Were the pleadings broad enough to present the issue of ownership of the livestock and brand? I think they were, and that the opinion of the court should be amended so as to consider these issues on their merits or that the motion for rehearing should be granted. Compare, Byington v. Hamilton, 37 Kan. 758, 16 Pac. 54.